## KAHLE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8848.

Circuit Court of Appeals, Eighth Circuit.
Aug. 18, 1930.

Rehearing Denied Oct. 1, 1930.

John F. McCarron, of Washington, D. C. and John J. Brennan, Jr., of Webster Groves, Mo. (Edward W. Foristel, of St. Louis, Mo., on the brief), for appellant.

Prew Savoy, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (G. A. Youngquist, Asst. Atty. Gen., J. Louis Monarch and Randolph C. Shaw, Sp. Assts. to the Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before KENYON, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

In 1918, Adele Kahle, an American citizen, was temporarily in Germany, and while there her property in this country, consisting of certain stocks, bonds, and other interest-bearing securities, was seized by the Alien Property Custodian, under the authority of the Trading With The Enemy Act (50 USCA Appendix § 1 et seq.), and held by him until January, 1924, when the corpus of the property, together with the income accruing therefrom while held by the custodian, was turned over to her through her attorney in fact. No federal income tax returns in respect to the income in question were ever made by the petitioner or by her attorney in fact, and no income taxes thereon were during said time assessed or paid. In December, 1925, the deputy collector of internal revenue at St. Louis, Mo., where this property was located, and where petitioner's attorney in fact resided, acting under instructions of the collector of internal revenue, prepared income tax returns on behalf of the petitioner for each of the years 1918 to 1923, inclusive. Before making these returns, the deputy collector brought the matter to the attention of the petitioner's attorney in fact at St. Louis, Mo., requesting in effect that he supply these returns, but he stated that he did not have the necessary data from which to prepare returns for his principal, and, failing to prepare such returns, the deputy revenue collector prepared them. The Commissioner, from these returns, determined a deficiency tax of $65,143.05 as delinquent for the taxable years 1918 to 1923, both inclusive, and on appeal this determination was affirmed by the Board of Tax Appeals. The matter has been transferred to this court by petition for review.

The facts as above recited were found by the Board of Tax Appeals, and an examination of the record discloses that they were sustained by substantial evidence, and, hence, are conclusive in this court. Kendrick Coal & Dock Co. v. Commissioner of Internal Revenue (C. C. A.) 29 F.(2d) 559, and cases there cited. It is not claimed in this court that the income was erroneously determined as to amount, nor is it claimed that the income was not subject to tax, nor can it, in view of the findings, be claimed that the income tax has ever been paid. It is urged, however, that the deputy collector was not authorized to make the returns, and that it was the duty of the Alien Property Custodian to have paid the tax out of the income in his hands before turning the property over, and, having failed so to do, the government

should look to him for payment and not to the property owner. On final analysis, it will be observed that the objections urged go only to the matter of procedure, to matters of form rather than to the merits.

The returns were filed pursuant to the provisions of Rev. St. § 3176, as amended by section 1003, Revenue Act 1924 (26 USCA § 97), which, so far as pertinent here, provides as follows:

"Sec. 3176. If any person, corporation, company, or association fails to make and file a return or list at the time prescribed by law or by regulation made under authority of law, or makes, willfully or otherwise, a false or fraudulent return or list, the collector or deputy collector shall make the return or list from his own knowledge and from such information as he can obtain through testimony or otherwise, etc."

The petitioner claims that there was no authority on the part of the collector for making these returns, because the property, during all the years in question, was in the hands of the Alien Property Custodian; that under these conditions she was not charged by law with the duty of making a return, but that the Alien Property Custodian was so authorized, and that it was his duty to pay the taxes for the years in question. The petitioner, therefore, contends that the returns filed by the collector were null and void. The income from this property was subject to taxation, and no tax had been paid thereon. It may be conceded that it was the duty of the Alien Property Custodian to pay all taxes lawfully assessed against the property in his hands, but no taxes had been assessed against this property at the time it was returned to her. The Alien Property Custodian could not, therefore, have paid the taxes. We are of the view that the procedure adopted by the government in the instant case was the proper one. The law specifically provided for the making of a return by the owner of the property, but petitioner was doubtless excused from performing this duty while the property was in the hands of the Custodian, but after the property passed from his hands, and before the returns were actually made by the deputy collector, the matter was taken up with petitioner's attorney in fact, who had charge of this very matter and who might properly have made the returns, but he in effect declined so to do, claiming that he did not have at hand sufficient data for that purpose. This, in our view, was a failure to make a return, and, under the provisions of section 3176 Revised Statutes, authorized the Deputy Collector to supply such returns. Treasury Decision 4168 contained the following regulation in Article II (c):

"Any property held by the Alien Property Custodian may be returned, prior to any computation or payment of Internal Revenue taxes, to any individual who at the time of the seizure of such property was a citizen of the United States."

Where property had not been returned, the procedure was for the Bureau of Internal Revenue to make up from information in the Custodian's hands, a statement on form 1990 and compute the tax thereon. This form was then forwarded to the proper collector who made a statutory return based thereon and on any other information which he might have. The collector then assessed the tax and the Alien Property Custodian paid the tax so assessed. With respect to property which had been returned, however, it was not possible for the Alien Property Custodian to pay the tax, and a return was therefore made by the collector, by virtue of the provisions of section 3176 of the Revised Statutes.

While the petitioner was absent from the United States during the years in question, yet her attorney in fact, who represented her in these very matters, as above noted, was in the United States and could have made the returns, obtaining his information therefor from the Alien Property Custodian, but this he in effect declined to do. No defense is suggested to the tax as determined, and in our view the procedure was warranted and regular. The deficiency tax as determined by the Board of Tax Appeals must therefore be affirmed, and the petition for review dismissed, and it is so ordered.